IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEPHANIE S. KNOTH                                             PLAINTIFF

V.                                         CAUSE NO. 5:18-CV-49-DCB-MTP

DR. STEPHEN P. KEITH, SOUTHWEST
MISSISSIPPI REGIONAL MEDICAL CENTER,
GASTROENTEROLOGY ASSOCIATES, and
APOLLO ENDOSURGERY US, INC.                                   DEFENDANTS

ORDER

This cause having come before the Court on Plaintiff's Motion **[Doc. 23]** for Leave to File an Amended Complaint; Plaintiff's Motion **[Doc. 18]** to Dismiss her claims against Defendant Apollo Endosurgery US, Inc. ("Apollo") without prejudice, which the Court construes as a Motion for Voluntary Dismissal pursuant to Fed. R. Civ. Pro. 41; and Defendant Apollo's Motion **[Doc. 9]** to Dismiss. For the following reasons, Plaintiff's Motion **[Doc. 23]** to Amend/Correct Complaint [Doc. 1] is GRANTED. Therefore, Plaintiff's Motion **[Doc. 18]** and Defendant's Motion **[Doc. 9]** are DENIED as moot.

**Background**

This is a medical malpractice and products liability dispute. Plaintiff Stephanie S. Knoth ("Knoth") alleges that on November

29, 2016, Knoth was admitted to Southwest Mississippi Regional Medical Center for an outpatient procedure, the insertion of an ORBERA Intragastric Balloon ("the Balloon") for weight loss. Doc. 1, p.5, ¶13. Dr. Stephen Keith performed the procedure. Doc. 1, p.5, ¶15. Knoth was discharged home after the procedure. Id. Knoth states that on December 1, 2016, an esophagogastroduodenoscopy ("EGD") was performed as a planned removal of the Balloon per Knoth's request. Id. Knoth states, "Dr. Keith noted the [B]alloon was obstructing the pyloric valve with suction removal of three to four liters of fluid from the stomach." Id. The Court presumes she meant the Balloon was obstructing the pyloric valve, which required suction from the stomach. Dr. Keith allegedly kept the Balloon intact and only repositioned the Balloon. Id. Knoth contends that she then experienced damage to the fundus of her stomach, which eventually led to the perforation of the gastric fundus. Doc. 1, p.6, ¶18. Knoth states she aspirated massive amounts of GI (gastrointestinal) content reading to a life-threatening infection and stiffening of lungs known as Acute Respiratory Distress Syndrome ("ARDS"). Id. Knoth was treated for ARDS, involving months of ventilator dependence, a tracheostomy tube and chest tubes. Doc. 1, p.6, ¶19. According to Knoth, Dr. Dany Haddad performed an abdominal assessment, noted issues, made diagnoses, and advised Dr. Keith that Knoth wanted the Balloon removed. Doc. 1, p.6, ¶¶18-21. Eventually, the Balloon was removed. Doc. 1, p.6, ¶22.

Knoth allegedly suffered considerable injuries, including respiratory failure requiring long-term ventilator support and a tracheostomy. Doc. 1, p.7, ¶26. Knoth contends that she also experienced septic shock, pneumonia, peritonitis, and surgeries to treat the abdominal infection. Doc. 1, p.7, ¶¶26-27. Defendants Apollo and Southwest Mississippi Regional Medical Center generally deny most of Knoth's allegations in their Answers. Docs. 8 & 13. The other defendants have not responded.

**Analysis**

Former pro se Plaintiff Knoth makes several claims against Apollo, including fraudulent marketing, misrepresentation, marketing a defective product. Doc. 1, p.8, ¶31. In its Motion to Dismiss [Doc. 9], Apollo argues that Knoth's state law claims against Apollo and its FDA-approved Balloon are preempted by federal law. Doc. 11, pp.3-6. After securing counsel, see Doc. 17 and Doc. 24, p.3, Plaintiff moved to Dismiss its claims against Defendant Apollo Endosurgery US, Inc. ("Apollo") without prejudice. Doc. 18. The Court notes, however, that the proper procedural mechanism for Knoth's request is a Motion for Voluntary Dismissal pursuant to Fed. R. Civ. Pro. 41.

Knoth now moves to amend her Complaint pursuant to Fed. R. Civ. Pro. 15(a)(2) and 15(c). Fed. R. Civ. Pro. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's

3

written consent or the court's leave. The court should freely give leave when justice so requires." In the absence of undue delay, bad faith, undue prejudice on the opposing parties, etc., the leave sought should "be freely given." Forman v. Davis, 371 U.S. 178, 182 (1962)(declaring that "leave to amend 'shall be freely given when justice so requires'" is a "mandate … to be heeded.")(internal quotations omitted). Knoth argues that she would be prejudiced if not afforded the right to have counsel amend the complaint and move forward based on the merits of the claims. Doc. 24, p.3. Knoth contends that Defendants will not suffer undue prejudice from the filing of her Amended Complaint because no discovery has occurred among the parties, and the Court has not entered a Case Management Order. Id. Knoth also contends that no reason listed in Forman exists as cause to deny her request.

In this action, Knoth's Motion [Doc. 23] is unopposed. See Docs. 26, 28. The Court finds that allowing former pro se Plaintiff to amend her Complaint would assist the Court and opposing parties by narrowing the scope of the issues and appropriate Court remedies. Doc. 24, p.2. Therefore, it is appropriate to grant Knoth's request. Granting this Motion **[Doc. 23]** renders moot Knoth's Motion to Dismiss **[Doc. 18]** and Apollo's Motion to Dismiss **[Doc. 9]**.

Accordingly,

4

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motion **[Doc. 23]** for Leave to File an Amended Complaint is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion **[Doc. 18]** to Dismiss its claims against Defendant Apollo Endosurgery US, Inc. ("Apollo") without prejudice, which the Court construes as a Motion for Voluntary Dismissal pursuant to Fed. R. Civ. Pro. 41 is DENIED as moot; and

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Apollo's Motion **[Doc. 9]** to Dismiss is DENIED as moot.

SO ORDERED, this the 27th day of December, 2018.

      /s/ David Bramlette
      UNITED STATES DISTRICT JUDGE