# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**STEPHANIE S. KNOTH**                                                                                  **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 5:18-cv-49-DCB-MTP**

**DR. STEPHEN P. KEITH, ET AL.**                                                                    **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion for Attorney's Fees [124] filed by Defendant Apollo Endosurgery US, Inc. On June 1, 2020, Defendant deposed Plaintiff, and on July 10, 2020, Plaintiff filed an errata sheet, documenting changes to her deposition testimony. *See* Notice [116].[1] According to Defendant, most of the changes made to the testimony were substantive. Thereafter, the parties agreed to re-opening Plaintiff's deposition. The parties, however, disagreed about the amount Plaintiff should pay to Defendant for the attorney's fees associated with reopening the deposition.[2]

On August 6, 2020, Defendant re-deposed Plaintiff and, thereafter, filed the instant Motion for Attorney's Fees [124], seeking $1,760.00. Defendant submitted an affidavit from its

---

[1] Fed. R. Civ. P. 30(e) provides as follows:

> (1) ***Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

[2] Courts that have allowed substantive changes under Rule 30(e)—including this Court—have employed remedial measures to limit the potential for abuse, including reopening the deposition for limited purposes and requiring the deponent to pay the costs of reopening the deposition. *See Riley v. Ford Motor Co.*, 2011 WL 3157204, at *3 (S.D. Miss. July 26, 2011).

1

counsel stating that the attorney's fees incurred in re-deposing Plaintiff include 8.8 hours at a rate of $200.00 per hour. *See* Declaration [124-2]. Counsel described the time expending as follows:

| | |
|---|---|
| 1.4 hours | Review Plaintiff's errata sheet, deposition transcript, and exhibits in preparation to draft Plaintiff's deposition outline |
| 2.4 hours | Draft deposition outline for Plaintiff's deposition |
| 1.2 hours | Research and analyze case law pertaining to attorney-client privilege and permissible deposition questions during reconvened deposition due to substantive errata sheet changes. |
| 0.4 hours | Prepare and organize exhibits for Plaintiff's deposition by tabbing, highlighting, and super-imposing page number of non-paginated documents. |
| 0.3 hours | Corresponded with Plaintiff's counsel and court reporting service regarding logistics for Plaintiff's deposition |
| 3.1 hours | Attend re-deposition of Plaintiff Stephanie Knoth on behalf of Defendant Apollo Endosurgery. |

*Id*.

In her Response [132], Plaintiff does not object to defense counsel's hourly rate or the last three entries which total 3.8 hours. Plaintiff, however, argues that the first three entries, totaling 5 hours, represents billing which was "unnecessary, unreasonable, and/or unrelated to the reopened deposition." Courts must consider whether specific hours claimed were reasonably expended. "The Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" *Brown v. Ascent Assurance, Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (quoting *Walker v. United States Dep't. of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)). Hours which "are excessive, redundant, or otherwise unnecessary," or which result from the case being "overstaffed," are not hours "reasonably expended" and are to be excluded

from the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court is mindful, though, that its "goal . . . is to do *rough* justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (emphasis added).

Plaintiff argues that the time billed for reviewing the errata sheet and deposition transcript would have been incurred regardless of whether Plaintiff was re-deposed, that the time billed for legal research was unnecessary because the submission of an errata sheet does not open the door to privileged communications, and that the time billed for preparing a deposition outline for a re-opened deposition was unreasonable "busy work." Plaintiff asserts that the Court should limit the attorney's fees to $760.00.

Defendant counters that spending 1.4 hours reviewing the 5-page, 26-entry errata sheet and cross referencing the testimony changes to Plaintiff's transcript was efficient and necessary to prepare for the second deposition. The Court finds that this time was reasonably expended.

Concerning the time spent drafting a deposition outline, Defendant argues that this time was well spent and beneficial to all parties because it ensured a complete, well-organized, and efficient deposition. Considering that the deposition was limited in scope, the Court finds that the number of hours expended drafting an outline exceed what is reasonable. The Court finds that 1.0 hour was reasonably expended.

Finally, concerning the research on the issue of attorney-client privilege, Defendant points out the this Court has previously held that, during a second deposition necessitated by an errata sheet, a deponent "may be asked about the reasons for the changes and the source of the changes, such as whether they came from him or his counsel, as well as follow-up questions to the changed responses." *See Walker v. George Koch Sons, Inc.*, 2008 WL 4371372, at *3 (S.D. Miss. Sept. 18, 2008) (internal quotations and brackets omitted). Defendant argues that research

regarding the proper bounds of questioning was necessary.  The Court finds that a half an hour of research was reasonably expended.  Accordingly, the Court finds that 6.7 hours at a rate of $200.00 is a reasonable amount of time at a reasonable rate and that Defendant should be awarded $1,340.00.

    IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Attorney's Fees [124] is GRANTED in part and DENIED in part.

2. Plaintiff shall pay to Defendant Apollo Endosurgery US, Inc., through Defendant's counsel, the sum of $1,340.00 on or before October 30, 2020.

    SO ORDERED this the 30th day of September, 2020.

                                      s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE