IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEPHANIE KNOTH                                              PLAINTIFF

VS.                                  CIVIL ACTION NO.: 5:18-CV-49-DCB-MTP

APOLLO ENDOSURGERY US, INC.                                  DEFENDANT

Order

This matter is before the Court on Plaintiff's motions in limine [ECF Nos. 151, 156, 170] and Defendant's motions in limine [ECF Nos. 161, 163, 167]. Having considered the motions, responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I.  Background

This case is a medical malpractice and products liability dispute, arising from the implant of an ORBERA™ gastric balloon manufactured by Apollo ("Defendant"). Dr. Stephen Keith implanted the ORBERA™ balloon in Ms. Knoth ("Plaintiff"). Plaintiff experienced complications which ultimately led to the removal of the ORBERA™. The Court has dismissed Plaintiff's design defect and failure to warn claims. The two remaining claims are (1) a claim for breach of warranty and (2) a manufacturing defect claim.

1

II. Discussion

The Court's trial management authority includes the power to issue pre-trial rulings on the admissibility of evidence. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984). And the Court has "wide discretion in determining the admissibility of evidence under the Federal Rules." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008) (internal citation and quotation marks omitted).

### A. Plaintiff's Motion in Limine to Limit Use of Errata Sheet [ECF No. 151]

Plaintiff seeks to preclude Apollo from (1) revealing that Plaintiff was required to pay Apollo's attorneys' fees in reopening Plaintiff's deposition, and (2) making a reference to Plaintiff's errata sheet "as somehow nefarious, malicious, or inappropriate." [ECF No. 151].

The fact that Plaintiff paid costs associated with the re-opened deposition is irrelevant and any probative value that this fact might have is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

Defendant intends to use the errata sheet to impeach Ms. Knoth's answers or to attack her credibility. Plaintiff's original deposition testimony, her new answers on her errata sheet, and any new testimony given at the re-opening of her deposition may be

2

used for any purpose allowed by the rules of evidence. See Walker v. George Koch Sons, Inc., 2008 WL 4371372. The errata sheet is admissible for impeachment purposes and to the extent the answers are relevant.

The errata sheet may not be used to (1) reveal that Plaintiff was required to pay Apollo's attorneys' fees in reopening Plaintiff's deposition, or (2) to make a reference or implication to Plaintiff's errata sheet as somehow nefarious, malicious, or inappropriate. Plaintiff's Motion is hereby GRANTED.

**B. Plaintiff's Motion in Limine to Preclude Testimony, Reports, or Reference to Withdrawn/Consulting Experts [ECF No. 156]**

Ms. Knoth seeks to exclude testimony from Dr. Cheickna Diarra, whom Ms. Knoth hired as an expert. Dr. Diarra was initially hired to testify against now dismissed parties, but Ms. Knoth has re-designated him as a consulting expert pursuant to Fed. R. Civ. P. 26(b)(4)(B). [ECF No. 156].

Dr. Diarra executed an affidavit while designated as a testifying expert witness regarding now dismissed parties. [ECF No. 136-11]. The affidavit references reports Dr. Diarra made as an expert in the field of gastroenterology. In his report, Dr. Diarra alleges that Mrs. Knoth was improperly informed at the time of her consent to surgery. [ECF No. 136-11] at 3. The report

3

further asserts that Dr. Keith and the hospital staff allegedly failed to: instruct Plaintiff to empty her stomach before the procedure; examine Plaintiff and prevent aspiration; timely recognize, diagnose, and treat the ORBERA® balloon complication; follow consent form for balloon removal; recognize that the EGD procedure findings warranted the balloon's removal; and failed to recognize a second gastric rupture. [ECF No. 136-11].

Dr. Diarra's affidavit [ECF No. 136-11] was produced in his capacity as an initially retained expert witness. The affidavit references Dr. Keith and Southwest Mississippi Regional Medical Center, both having been dismissed as parties to this lawsuit. Plaintiff withdrew Dr. Diarra as an expert witness under Fed. R. Civ. P. 26(b)(4)(A), and reinstated Dr. Diarra as a consulting witness under Fed. R. Civ. P. 26(b)(4)(B).

Plaintiff argues that since Dr. Diarra is no longer designated as an expert expected to testify at trial, his testimony, reports, and opinions should be precluded from evidence. [ECF No. 157]. Once an expert is designated as a consulting expert, the opposing party is not entitled to the discovery of the consulting expert's findings, conversations, or consultations. See Veiner v. Casano, NO. 1:16cv-18-HSO-MTP, 2016 WL 10675905 at *1,2 (S.D. Miss. June 10, 2016). A consulting expert not expected to testify at trial is not subject to the same disclosure requirements as a testifying

4

expert. Id. at *2. This allows a party to freely consult an expert without fear that such consultations will be used adversely. Id.

There are two exceptions which allow a non-testifying expert's testimony to be discovered: (1) as provided for in Fed. R. Civ. P. 35(b) and (2) by showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means. Id.

Rule 35 refers to an examiner's report that has been made after a person has been subjected to a mental or physical examination because his or her mental or physical condition was at issue. See Fed. R. Civ. P. 35(b). This exception does not pertain to the present situation and requires no further analysis.

The second exception regarding non-testifying expert testimony involves exceptional circumstances which are established when a party requesting discovery: (1) shows that "the object or condition observed by a non-testifying expert is no longer observable by an expert of the party seeking discovery; or (2) although possible to replicate the expert discovery on a contested issue, the cost of doing so is judicially prohibitive." Veiner, 2016 WL 10675905 at *2.

Consequently, experts designated as consultants lose any privilege once they are designated as expert witnesses expected to testify at trial. See Greenwood 950, LLC v. Chesapeake Louisiana, LP, NO. 10:11cv-419-MLH, 2011 WL 1234735 at *1,2 (W.D. La. Apr. 1,

2011). In Greenwood, an expert, Mr. Young, was initially retained as a consultant who was not expected to testify at trial. Id. at *1. He was re-designated as an expert witness and as a testifying witness. Id. Once that re-designation occurred, Mr. Young's testimony and other findings following the re-designation are discoverable and admissible. Id. However, Mr. Young's testimony that was obtained while he was designated as a consultant witness remained undiscoverable and inadmissible. Id. at *2.

In the present case, Dr. Diarra was initially designated as an expert witness at the time the testimony and reports subject to this Motion in Limine were made. See [ECF No. 136-11]. Because Dr. Diarra was designated as an expert witness when he executed the affidavit [ECF No. 136-11], his affidavit and reports are discoverable and admissible. See Greenwood, 2011 WL 1234735 at *2.

Defendant's Response in Opposition to Plaintiff's Motion in Limine [ECF No. 178] at 1, states that Apollo reserves the right to use Dr. Diarra's report at trial to the extent Plaintiff or Plaintiff's experts make Dr. Diarra's opinion's relevant, or for impeachment. Under Veiner, while consultant witness testimony is protected and inadmissible at trial without exceptional circumstances, Dr. Diarra's report was given while he was designated as an expert witness and is admissible. 2016 WL 10675905 at *2. The Court finds that Dr. Diarra's affidavit including his

testimony and reports are admissible if offered to impeach the witness or prove an alternative causation theory.

While Dr. Diarra's testimony was discoverable and therefore admissible when he was designated as an expert witness, the Rules of Evidence provide barriers for admission regarding relevance. Fed. R. Evid. 401 establishes the test for relevance and requires that evidence must be relevant. Given that Dr. Diarra's written testimony pertains to dismissed parties, the testimony may no longer be relevant. See Fed. R. Evid. 401. However, Dr. Diarra's testimony may be relevant for Apollo's use in the impeachment of witnesses or to prove an alternative causation theory.

Dr. Diarra's affidavit [ECF No. 136-11] and other testimony is admissible under Veiner and Greenwood. The testimony was given when Dr. Diarra was an expert witness and not a consulting witness. Any testimony given now that Dr. Diarra is a consulting witness is deemed undiscoverable absent exceptional circumstances. Plaintiff's Motion in Limine to Preclude Testimony, Reports, or Reference to Withdrawn/Consulting Experts [ECF No. 156] is hereby DENIED.

### C. Plaintiff's Motion in Limine to Exclude the Document Identified as Apollo-Knoth-000056 [ECF No. 170]

The subject of Plaintiff's motion is a document stamped "confidential" which contains warranties, limitations and

7

liabilities, and other terms between Apollo and Apollo's "Customer." It is labeled as Apollo-Knoth-000056 and hereby referred to as "the Contract." [ECF No. 183].

The Contract is a one-page excerpt from the contract between Apollo and Southwest Mississippi Regional Medical Center ("SMRMC"). It provides invoicing terms and conditions, warranties, and limitations and liabilities. Plaintiff argues that the Contract should be precluded because it is irrelevant to the facts of the case at hand and because it refers to Apollo and SMRMC without involving the Plaintiff. [ECF No. 170]; See also [ECF No. 183].

The Rules of Evidence establish the test for relevance. See Fed. R. Evid. 401. Rule 401 states, "Evidence is relevant if:(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Id. Apollo intends to use the Contract to rebut Plaintiff's alternate causation argument that Dr. Keith was acting as an agent for Apollo. [ECF No. 179]. Since the purpose of the admission of the Contract allegedly is for Apollo to rebut Plaintiff's argument, the Contract appears to be relevant under Rule 401.

Even though evidence may be relevant, that does not mean it is necessarily admissible. See Fed. R. Evid. 403. "The court may exclude relevant evidence if its probative value is substantially

8

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Id. Plaintiff argues that the Contract "could only serve to confuse the jury as it relates to a potential apparent authority/agency relationship between Apollo and SMRMC's physician, Dr. Stephen Keith [. . .]" [ECF No. 170]. Plaintiff claims that this confusion stems from "[it] not be[ing] clear for a jury to know that the 'Customer' referenced by this document would apply to a physician or medical provider – similar to dismissed defendant Southwest Mississippi Regional Medical Center ("SMRMC") – and not someone like the Plaintiff." Id. Under Rule 403, the prejudicial effect must substantially outweigh the probative value. If the Plaintiff is concerned that a competent jury will be unable to understand the intention of the reference to the term "Customer" in the Contract, the Plaintiff will have an opportunity to clarify any ambiguity at trial.

The document of Apollo-Knoth-000056 ("the Contract") [ECF No. 183] appears to be an admissible document and relevant under Rule 401 for Apollo to use to rebut Plaintiff's alternate causation argument. However, a final ruling will be made either at trial or at the motion hearing, at which time the Court will be better informed on all relevant issues.

**D. Defendant's Motion in Limine to Preclude Plaintiff from Introducing Irrelevant and Prejudicial Evidence that Relates to Preempted Claims [ECF No. 161]**

Defendant seeks to preclude Plaintiff from introducing evidence and/or argument of (1) an ORBERA™ adverse event information and reports, (2) Food and Drug Administration ("FDA") press-releases related to the ORBERA™ in general, (3) Dr. Keith's clinical experience and opinions with the ORBERA™, and (4) other "general safety" evidence that could confuse the jury on the safety and effectiveness of the ORBERA™ device. Apollo contends that this information is irrelevant to the remaining claims and that there would be significant jury confusion and prejudice if the information is allowed. The Court will address each evidentiary topic in turn.

1.  Adverse event information and reports

Plaintiff contends that "[b]ecause the adverse event report for the Plaintiff's specific balloon attributes the Plaintiff's damages to the device itself, this is incredibly relevant to the Plaintiff's causation element for both her manufacturing defect and breach of warranty claims." Plaintiff further contends that other adverse event information and reports are relevant to her claim for punitive damages to show wanton or willful conduct by the Defendant. The Court reserves its ruling on this issue until

it is more informed at the upcoming motion hearing, scheduled for August 12, 2021.

2. FDA press-releases related to the ORBERA™ in general

The Plaintiff avers that the FDA press-releases related to the ORBERA™ balloon are relevant to show a breach of warranty claim, to the extent Apollo intends on pursuing a learned intermediary defense. The probative value is not substantially outweighed by the danger of unfair prejudice. The Court hereby finds that the information contained in the FDA Press-releases may be admissible if Apollo advances its learned intermediary theory. The Court reserves its ruling on this issue until it is more informed at the upcoming motion hearing.

3. Dr. Keith's clinical experience

The Plaintiff claims that Dr. Keith's clinical experience is relevant to show his lack of independence from Apollo's control. Plaintiff further claims that Dr. Keith's opinions of the device despite financial incentives to recommend the device to his patients is also indicative of a lack of independence from Apollo's control. Dr. Keith's relationship with Apollo is an issue which is entirely separate from his clinical experience with the balloon. Dr. Keith's experience in general with the ORBERA™ would likely

11

call into question the general safety of the balloon, which is discussed more fully below.

### 4. Any other "general safety" evidence

Apollo argues that the Plaintiff should be precluded from offering "general safety" evidence into trial because the jury might second-guess whether the ORBERA™ in general is safe, which directly contradicts the FDA's pre-market approval ("PMA") findings and this Court's November 2019 Order. The Court reserves its ruling on the issue of general safety until it is more informed at the upcoming motion hearing.

### E. Defendant's Motion in Limine to Preclude Express Warranty Theories that Lack Evidentiary Support [ECF No. 163]

To prevail on a claim for breach of express warranty, plaintiff must prove by a preponderance of the evidence that at the time the product left the control of the manufacturer "[t]he product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product." Miss. Code Ann. § 11-1-63(a)(i)(4).

Defendant argues that Plaintiff's breach of warranty evidence and argument should be strictly limited to the warranties that

12

Plaintiff can objectively prove to be false and/or misleading. Defendant contends that the only objective evidence in relation to the Plaintiff's breach of warranty claim is from Dr. Sharlin.

Expert testimony is not required to establish a breach of warranty. Forbes v. Gen. Motors Corp., 935 So. 2d 869, 877 (Miss. 2006)(finding no authority exists to require expert testimony in breach of warranty case). Plaintiff's testimony is relevant and sufficient to create a fact issue as to a breach of warranty. Therefore, Defendant's Motion in Limine to Preclude Express Warranty Theories is hereby DENIED.

### F. Defendant's Motion in Limine to Preclude Evidence of Spoliation Until the Court Rules on Whether Plaintiff is Entitled to an Adverse Inference Instruction [ECF No. 167

Apollo requests that the Court order briefing and hold an evidentiary hearing to decide whether Plaintiff is entitled to an adverse inference instruction before allowing the jury to hear evidence and argument related to spoliation of evidence at trial. In an Order denying summary judgment, the Court previously held that in order to attribute the destruction of the evidence to Apollo, the Plaintiff must first show that Dr. Keith was acting as an agent under Apollo's apparent authority. [ECF No. 126]. The Court further held that Dr. Keith's status as an agent is a

question of fact for the jury to decide. Id. The decision on whether or not the Plaintiff is entitled to an adverse inference cannot possibly be made prior to trial because the jury must first determine the status of Dr. Keith as an agent. Furthermore, Apollo has failed to explain why it would be prejudiced if the jury were to hear evidence regarding the elements of spoliation prior to determining whether or not an adverse inference should be given. Apollo's Motion in Limine [ECF No. 167] is hereby DENIED.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Limit Use of Errata Sheet [ECF NO. 151] is GRANTED.

IT IS FURTHER ORDERED that Apollo's Motion in Limine to Preclude Testimony, Reports, or Reference to Withdrawn/ Consulting Experts [ECF No. 156] is DENIED.

IT IS FURTHER ORDERED that the ruling on Apollo's Motion in Limine to Exclude the Contract Apollo-Knoth-000056 [ECF No. 170] is DEFERRED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Preclude Plaintiff from Introducing Irrelevant and Prejudicial Evidence that Relates to Preempted Claims [ECF No. 161] is hereby DEFERRED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Preclude Express Warranty Theories that Lack Evidentiary Support [ECF No. 163] is hereby DENIED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Preclude Evidence of Spoliation Until the Court Rules on Whether Plaintiff is Entitled to an Adverse Inference Instruction [ECF No. 167] is DENIED.

Movants may renew motions at trial, at which time the Court will have a clearer understanding of the issues.

SO ORDERED this the 3rd day of August, 2021.

/s/ David Bramlette
UNITED STATES DISTRICT COURT